UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FOREO, INC., | Case No. 2:20-CV-1690 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| TIK TEK MARKETING S DE RL DE CV, | |
| Defendant(s). | |

Presently before the court is defendant Tik Tek Marketing S de RL de CV ("Tik Tek")'s motion to dismiss. (ECF No. 23). Plaintiff Foreo, Inc. ("Foreo Inc.") filed an opposition. (ECF No. 45). Tik Tek filed a reply and supporting declaration. (ECF Nos. 46, 47).

Also presently before the court is Tik Tek's motion for leave to file exhibit 1 to defendant's motion to dismiss under seal. (ECF No. 25).

**I.   BACKGROUND**

Foreo Inc. initiated this action against Tik Tek on September 11, 2020. (ECF No. 1). The dispute arises out of a distribution agreement dated April 12, 2018 (the "distribution agreement"), to which both parties are signatories. (*Id.*). Foreo Inc. asserts seven causes of action in its complaint ultimately stemming from an alleged breach of contract. (*Id.*).

Foreo Inc. is a Nevada corporation with its principal place of business in Nevada. (ECF Nos. 1, 45). Tik Tek is a Mexico corporation with its principal place of business in Mexico. (ECF Nos. 1, 23). After execution of the distribution agreement, Tik Tek communicated with Foreo Inc. personnel located in Mexico for all disputes and negotiations thereunder. (ECF No.

**James C. Mahan**
**U.S. District Judge**

23). In September 2018, another Foreo entity, Foreo Mexico, was incorporated. (*Id.*). The Mexico-based Foreo Inc. personnel then assumed official positions in Foreo Mexico. (*Id.*). Discussions and negotiations between Tik Tek and the now-Foreo Mexico personnel continued as they had under the distribution agreement. (ECF No. 23).

The relationship between Tik Tek and Foreo Inc. eventually deteriorated giving rise to the instant action.

Tik Tek raises three grounds for dismissal: (1) Rule 12(b)(6) for failure to state a claim upon which relief can be granted; (2) *forum non conveniens*; and (3) Rule 12(b)(7) for failure to join a necessary party. (ECF No. 23). The court finds Rules 12(b)(6) and 12(b)(7) are dispositive and thus addresses only grounds (1) and (3).

## II.   LEGAL STANDARD

*a. Rule 12(b)(6)*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

b.  *Rule 12(b)(7)*

"Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to defend by asserting that a party has not been joined pursuant to Rule 19." *Fed. Deposit Ins. Corp. v. Jones*, No. 2:13–cv–168–JAD–GWF, 2014 WL 4699511, at *11 (D. Nev. Sept. 19, 2014). Rule 19(a) is intended "to protect a party's right to be heard and to participate in adjudication of a claimed interest." *In re Republic of the Philippines*, 309 F.3d 1143, 1152 (9th Cir. 2002) (quoting *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992)) (internal quotation marks omitted).

Under Rule 19(a), a party must be joined if feasible as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

If joinder is not feasible, Rule 19(b) provides factors to consider when determining if an action should nevertheless proceed. Fed. R. Civ. P. 19(b); *see also Schnabel v. Lui*, 302 F.3d 1023, 1029–30 (9th Cir. 2002). These include whether and the extent to which a judgment

**James C. Mahan**
**U.S. District Judge**

- 3 -

rendered in the non-party's absence could be adequate without prejudicing that non-party or the existing parties.  Fed. R. Civ. P. 19(b)(1), (3).  The court also considers the extent to which it may lessen or avoid any prejudice by (A) including protective provisions in the judgment, (B) shaping the relief, or (C) employing other measures.  Fed. R. Civ. P. 19(b)(2).  Finally, the court considers whether, in the event the action is dismissed, the plaintiff has an adequate remedy. Fed. R. Civ. P. 19(b)(4).

The court may consider extra-pleading evidence in ruling on a 12(b)(7) motion.  *See Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 14 F.3d 1292, 1293 (10th Cir. 1994); *Martin v. Local 147, Int'l Bro. of Painters*, 775 F.Supp. 235, 236 (N.D. Ill. 1991); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 427 (1990).

### III.    DISCUSSION

*a. Rule 12(b)(6)*

Tik Tek moves to dismiss counts 2–7 of the complaint.  (ECF No. 23).  It argues that Foreo Inc.'s claims of account stated, open book account, and conversion claims are duplicative of its breach of contract claim.  (*Id.*)  It further argues that a claim for breach of covenant of good faith and fair dealing is mutually exclusive of a breach of contract claim and that Foreo Inc. rests both claims on the same factual allegations.  (*Id.*).  Tik Tek also submits that the claim for injunctive relief is a remedy rather than a standalone claim.  (*Id.*).  Finally, Tik Tek contends contractual indemnification claims do not stand where there is no alleged liability to a third party.  (*Id.*) (citing *Zamora v. Solar*, No. 2:16-cv-01260-ODW-KS, at *5 (C.D. Cal. June 27, 2016)).  Notably, Foreo Inc. does not address any 12(b)(6) arguments in its opposition.  (ECF No. 45).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Local Rule 7-2(d) provides that "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Thus, by failing to respond to Tik Tek's 12(b)(6) arguments, Foreo Inc. consents to the granting of Tik Tek's motion to dismiss on 12(b)(6) grounds. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

Nevertheless, before dismissing an action for failure to comply with a local rule, the court considers several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

After weighing these factors and reviewing the underlying filings, the court finds dismissal appropriate. The heart of this lawsuit is an alleged breach of contract and has parallel litigation pending in Mexico. Duplicative claims within a matter do not favor expeditious resolution. Likewise, the remaining breach of contract claim assuages concern that this case would not be decided on its merits. Additionally, the duplicity between this matter and the Mexico proceedings increases the risk of prejudice to Tik Tek for having defend similar matters in two different jurisdictions.

Further, the court finds that amendment of counts 2–7 could not cure deficiencies. As discussed *infra*, Foreo Mexico is a necessary and indispensable party to this action. This court currently sits in diversity on this matter, and joining Foreo Mexico would deprive this court of jurisdiction. Thus, this court could not adjudicate these claims regardless of how sufficiently they are pled.

**James C. Mahan**
**U.S. District Judge**

1  Thus, the court GRANTS Tik Tek's motion to dismiss counts 2–7 pursuant to Rule 12(b)(6) and DENIES leave to amend the complaint.

*b.  Rule 12(b)(7)*

Foreo Mexico has "claim[ed] an interest relating to the subject of the action." *See* Fed. R. Civ. P. 19(a)(1); (ECF No. 47-1). The Mexico proceedings arise out of a business relationship between Tik Tek and Foreo Mexico, which was derived from the relationship between Tik Tek and Foreo Inc. (*See* ECF Nos. 27, 47-1). Though Foreo Mexico is not a signatory to the contract giving rise to the instant action, its relationship with Tik Tek proceeded as if it was bound by the terms therein. (*See* ECF No. 23). Indeed, in the Mexico proceedings, even Foreo Mexico alleges that its relationship with Tik Tek began in April 2018—the same time Foreo Inc. executed the distribution agreement with Tik Tek and notably five months prior to its incorporation.[1] (ECF No. 47-1). If Foreo Mexico was an entirely separate entity claiming no interest in the distribution agreement as Foreo Inc. suggests, the allegations of the Mexico proceedings would at least begin with its incorporation. (*See* ECF Nos. 45, 47-1).

Further, the court finds *Iconlab, Inc. v. Bausch Health Cos., Inc.* ("*Iconlab*") persuasive. 828 Fed. App'x 363 (9th Cir. 2020). There, the court cited the risk of a "dueling declaration from a different tribunal" as grounds for finding a non-party necessary to an action. *Id.* at 366. Similarly here, Tik Tek could be subject to dueling declarations, or even duplicative declarations, from this jurisdiction and Mexico. Foreo Inc. tries to distinguish *Iconlab* by noting that the plaintiff there was seeking to invalidate contracts that the non-parties were a party to. (ECF No. 45). Here, both Foreo Mexico and Foreo Inc. are seeking recovery under a relationship beginning April 2018, when the distribution agreement was executed.

---

[1] In its opposition, Foreo Inc. makes much about the fact that Foreo Mexico was not an existing entity at the time the distribution agreement was executed. (ECF No. 45).

**James C. Mahan**
**U.S. District Judge**

- 6 -

Given that it is disputed whether Foreo Mexico is also seeking relief under the same, similar, or entirely different business relationship, Tik Tek is "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" from this court and the court overseeing the Mexico proceedings. *See* Fed. R. Civ. P. 19(a)(1); (ECF No. 47-1). Thus, Foreo Mexico is a party necessary to this action as contemplated by Rule 19. *See* Fed. R. Civ. P. 19.

Second, the court considers whether joinder is feasible. Here, if Foreo Mexico was joined, it would defeat diversity jurisdiction as Mexican entities would be present on both sides of the dispute.[2] *See* 28 U.S.C. § 1332. Because it would deprive this court of jurisdiction, joinder is not feasible. *See* Fed. R. Civ. P. 19(b).

The court finally considers whether Foreo Mexico is nevertheless indispensable. *See* Fed. R. Civ. P. 19(b); *Schnabel v. Lui*, 302 F.3d 1023, 1029–30 (9th Cir. 2002). Though Foreo Mexico does not explicitly seek relief under the distribution agreement in the Mexico proceedings, it alludes to the allegation that Tik Tek was bound to the terms thereof beyond a simple oral agreement with Foreo Mexico. (ECF No. 47-1).

Moreover, the question of who was contractually bound to which agreements with Tik Tek results, in part, from the personnel overlap between Foreo Inc. and the eventual Foreo Mexico. Foreo Inc. alleges Foreo Mexico is not a party to the distribution agreement because it is not a signatory, and a term of the contracted prevented assignment, but the reality of the business relationship(s) is disputed. (ECF No. 45, *see* ECF Nos. 23, 47).

The court finds *Dou Yee Enterprises (S) PTE, Ltd. V. Advantek, Inc.* ("*Dou Yee*") persuasive. 149 F.R.D. 185 (D. Minn. 1993). In *Dou Yee*, a foreign non-party was found indispensable. *Id.* at 189. The court noted failing to join the non-party—which was alleged to

---

[2] Foreo Mexico would be seeking relief against Tik Tek and would thus be joined as a plaintiff.

have been a participant of the tortious conduct—would, *inter alia*, thwart "one of the policies underlying Rule 19, reaching "complete, consistent and efficient settlement of controversies." *Id.* (citing *Envirotech Corp. v. Bethlehem Steel Corp.*, 729 F.2d 70, 73 (2d Cir. 1984)). Foreo Inc. argues *Dou Yee* is distinguishable because the non-party there was alleged as an active participant in the conduct, whereas here, the non-party was never even a party to the contract that was allegedly breached. (ECF No. 45). In the Mexico proceedings, however, Foreo Mexico alleges to be harmed by similar—if not the same—tortious conduct Foreo Inc. alleges in its complaint. (ECF Nos. 1, 47-1).

The foreign party in *Dou Yee*, sought to be joined as a defendant, was indispensable because it faced similar risks Tik Tek faces without joinder here. 149 F.R.D. at 189. Namely, the court in *Dou Yee* noted the outcome of the lawsuit might have adversely affected the non-party's ability to defend itself, which violates the Rule 19 goal of reaching "complete, consistent and efficient settlement of controversies." *Dou Yee*, 149 F.R.D. at 189 (citing *Envirotech Corp.*, 729 F.2d at 73). Tik Tek runs the risk of inconsistent or duplicative, inefficient judgments in clear contention with the same policy of Rule 19.

Moreover, the plaintiff in *Dou Yee* had an adequate forum in the case of dismissal. *Id.* The same is true here. Foreo Inc. belabors the forum-selection clause of the distribution agreement . (ECF No. 45). However, there is nothing preventing Foreo Inc. and/or Foreo Mexico bringing suit in Nevada state court, which does not offend the forum-selection clause, which provides for "exclusive jurisdiction of the federal **and state courts** located in Las Vegas, Nevada."[3] (ECF No. 45) (emphasis added).

---

[3] The court assumes *arguendo* the forum selection clause is enforceable but makes no such finding of law.

James C. Mahan
U.S. District Judge

- 8 -

Thus, the court GRANTS Tik Tek's motion to dismiss count 1 pursuant to Rule 12(b)(7).

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Tik Tek's motion to dismiss (ECF No. 23) is GRANTED consistent with the foregoing;

IT IS FURTHER ORDERED, good cause appearing, that Tik Tek's motion for leave to file exhibit 1 to defendant's motion to dismiss under seal (ECF No. 25) is GRANTED.

The clerk of the court is instructed to close this case.

DATED January 19, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**